UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RAMON F. FLORES                                                                     MOVANT/DEFENDANT

v.                                        CRIMINAL ACTION NO. 3:10-CR-00051-CRS-DW

UNITED STATES OF AMERICA                             RESPONDENT/PLAINTIFF

Memorandum Opinion

I.  Introduction

In June 2010, a federal grand jury indicted Ramon F. Flores and his co-defendants for conspiring to "possess with the intent to distribute and distribute 5 kilograms or more of a mixture or substance containing cocaine" (Count I). Superseding Indictment 1, ECF No. 156. After Flores proceeded to trial, a jury convicted him of Count I. Verdict 1, ECF No. 699. He was sentenced to imprisonment for 360 months, a supervised release term of five years, and a special assessment of $100.00. Am. J. 3–6, ECF No. 883.

The United States Court of Appeals for the Sixth Circuit affirmed his conviction. Order 9/29/2014 5, ECF No. 968. Flores then petitioned the United States Supreme Court for a writ of certiorari. Notice Pet. Cert. 1, ECF No. 987. The Court denied Flores a writ of certiorari. Denial Cert. 1, ECF No. 1003.

On February 18, 2016, Flores moved *pro se* to vacate his sentence under 28 U.S.C. § 2255. Mot. Vacate 1, ECF No. 1048. Two days later, with the assistance of counsel, he filed an amended motion to vacate his sentence under § 2255. Am. Mot. Vacate 1, ECF No. 1051. The United States responded to Flores's original and amended motions to vacate. Resp. Opp. Mot. Vacate 1, ECF No. 1062. Flores replied. Reply 1, ECF No. 1064.

Magistrate Judge Dave Whalin then ordered the United States to file a supplemental response addressing two ineffective assistance of counsel claims asserted in Flores's original, *pro se* motion to vacate his sentence under § 2255. Order 10/04/2016 1, ECF No. 1069. The United States accordingly filed a supplemental response. Suppl. Resp. Opp. Mot. Vacate 1, ECF No. 1073. Flores replied to the United States' supplemental response. Reply Suppl. Resp. 1, ECF No. 1077.

On February 6, 2017, the magistrate judge issued a report and recommendation on Flores's motions to vacate his sentence ("the February 2017 report and recommendation"). R. & R. 1, ECF No. 1080. In the February 2017 report and recommendation, the magistrate judge recommended that this Court deny Flores's original motion to vacate and amended motion to vacate the sentence. *Id*. He also recommended that this Court deny issuance of a certificate of appealability. *Id*.

Flores filed three objections to the February 2017 report and recommendation. Obj. R. & R., ECF No. 1081. For the reasons stated below, the court will overrule Flores's objections to the February 2017 report and recommendation.

II.  Standard of Review

The Court makes a de novo determination of the proposed findings or recommendations to which Flores objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

III.  Discussion

Flores objects to three determinations made by the magistrate judge in the February 2017 report and recommendation. First, Flores objects to the magistrate judge's recommendation that his ineffective assistance of counsel claims be denied. Obj. R. & R. 3–4, ECF No 1081. Flores contends that his defense counsel's decision to wait two days before his trial date to move to

exclude untimely disclosed government evidence, his defense counsel's failure to keep him informed of developments in his case, the discrepancy between the number of documents submitted by the government and those received by defense counsel, and defense counsel's question to the presiding judge, "Am I required to challenge it before trial?" contradict the magistrate judge's determination that his trial counsel's allegedly deficient performance did not prejudice him. *Id*.

> In his original motion to vacate his sentence, Flores also states:
>
> In the instant case defense counsel was under a duty to launch a full investigation in order to locate all possible data that would have allowed him to present to sentencing court the results of his investigation and research. If the failure in any way was caused by defense counsel not following that line of investigation, or not visiting his client, it could involve a Strickland violation as it failed to seek exculpatory evidence.

Mot. Vacate 5, ECF No. 1051.

To prove ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). To meet the second inquiry, the defendant must demonstrate that but for his counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984). This is a heavy burden: the "issue is 'whether counsel's performance was so manifestly ineffective that defeat was snatched from the hands of probable victory.'" *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc), *cert. denied*, 125 L. Ed. 2d 668, 113 S. Ct. 2969 (1993)).

Here, Flores fails to offer proof that but for his counsel's specified errors—his defense counsel's decision to wait two days before his trial date to move to exclude untimely disclosed government evidence, his defense counsel's failure to keep him informed of developments in his

case, the discrepancy between the number of documents submitted by the government and those received by defense counsel, and defense counsel's question to the presiding judge, "Am I required to challenge it before trial?"—the result of the trial would have been different. Flores' bare assertion that his counsel's potential failure to seek all information for sentencing could have prevented him from presenting all exculpatory information does not meet the burden of showing prejudice under *Strickland*. Mot. Vacate 5, ECF No. 1051. Therefore, under this de novo review, the Court concludes that Flores' first objection to the February 2017 report and recommendation lacks merit.

Second, Flores objects to the magistrate judge's recommendation that he not be allowed to raise a confrontation clause issue in his amended motion to vacate that has already been decided by the Sixth Circuit on direct review. *Id*. at 4–5. Flores explains that he should be permitted to address the issue to prevent "the fiction story 1984" from becoming "a reality." *Id*. at 5.

When the Sixth Circuit has already addressed an issue on direct review, a party is precluded from raising it again in a § 2255 motion absent highly exceptional circumstances. *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). The Sixth Circuit already decided the confrontation clause issue that Flores raises in his amended § 2255 motion. Order 9/2014 2–3, ECF No. 968. Flores fails to establish any highly exceptional circumstances that would permit him to re-raise the issue. Thus, his argument that the magistrate judge erred in denying his request to re-raise the issue in his amended motion to vacate his sentence is unavailing, and the Court will overrule this second objection to the February 2017 report and recommendation.

Third, Flores objects to the magistrate judge's recommendation that Flores's "mingling of conspiracies" argument be denied because he did not raise it on direct appeal and because he

failed to prove cause or actual prejudice existed or that he was actually innocent. Obj. R. & R. 5–7, ECF No. 1081. Flores asserts that several lines spoken by the government witnesses at trial show that the witnesses confused him with his brother, a co-defendant in the case, and thus he was convicted of engaging in more conspiracies than those in which he actually participated. *Id*. Additionally, he maintains that the prosecution has unfairly used conspiracy as a tool of prosecution and that "the time for change has come." *Id*. at 7.

If an issue is not raised in a direct appeal, a defendant may raise it in a § 2255 motion only if he shows cause and actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). He may also show that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Flores has not established cause or actual prejudice for his failure to assert his "mingling of conspiracies" argument on direct review. Nor does he provide any evidence of actual innocence. Additionally, Flores fails to provide any factual support for his argument that the prosecution unfairly used conspiracy to prosecute him. Flores's arguments regarding the denial of the "mingling of conspiracies" thus fail, and the Court will accordingly overrule Flores's third objection to the February 2017 report and recommendation.

IV.     Conclusion

The Court will overrule Flores's objections to the February 2017 report and recommendation of the magistrate judge. The Court will accept and adopt the findings of fact, conclusions of law, and recommendations of the United States magistrate judge in full. An order will be entered in accordance with this memorandum opinion.

April 24, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**