**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **v.** | **CRIMINAL ACTION NO. 3:10-CR-51-CRS** |
| **Ramon F. FLORES** | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

## I.      Introduction

This case is before the Court on Defendant Ramon Flores's motion for relief under Federal Rule of Civil Procedure 60(b)(1). DN 1109. Flores contends that this Court's order (DN 1082) denying his amended motion to vacate his conviction and sentence under 28 U.S.C. § 2255 (DN 1051) was the product of a mistake. The United States responded. DN 1125. Therefore, this matter is ripe for review. Finding that there was no "mistake, inadvertence, surprise, or excusable neglect," underlying the Court's original order, the Court will deny the motion.

## II.      Factual Background and Procedural History

Ramon Flores was convicted of conspiracy to distribute and to possess with the intent to distribute five kilograms or more of a mixture or substance containing cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(ii). DN 156; DN 699 at 2. He was subsequently sentenced to thirty years imprisonment with a five-year term of supervised release to follow, along with a special assessment of $100. DN 883. On direct appeal, the Sixth Circuit affirmed his conviction and sentence. DN 968; *United States v. Flores*, No. 13-5763 (6th Cir. Sept. 29, 2014). The Supreme Court of the United States denied Flores's petition for a writ of certiorari. DN 1003; *Flores v. United States*, 135 S. Ct. 1446 (Mem) (2015).

Flores then moved to vacate his sentence under 28 U.S.C. § 2255. DN 1048; DN 1051.

The United States responded. DN 1062. Flores replied. DN 1064. Following referral, Magistrate

Judge Dave Whalin ordered the United States to file a supplemental response addressing two

ineffective assistance of counsel claims. DN 1069. The United States filed a supplemental

response. DN 1073. Flores replied. DN 1077. The magistrate issued his Report and

Recommendation, recommending that the Court deny Flores's motions. DN 1080. Flores filed

objections. DN 1081. This Court overruled the objections and adopted the magistrate's report.

DN 1082.

Now, Flores has filed a motion requesting this Court modify that order under Rule

60(b)(1). DN 1109. The Court, without objection from the United States, reopened the case and

ordered the United States to respond to the motion. DN 1124. The United States did so. DN

1125.

III.     **Discussion**

Federal Rule of Civil Procedure 60(b)(1) provides: "On motion and just terms, the court

may relieve a party or its legal representative from a final judgment, order, or proceeding for . . .

mistake, inadvertence, surprise, or excusable neglect." "[A] Rule 60(b)(1) motion is intended to

provide relief in only two situations: (1) when a party has made an excusable mistake or an

attorney has acted without authority, or (2) when the judge has made a substantive mistake of

law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir.

2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Flores argues

that this Court made a mistake of law or fact in finding that his argument regarding "mingling

conspiracies" was procedurally defaulted.

An argument is procedurally defaulted when the defendant fails "to raise it on direct review." *Bousley v. United States*, 523 U.S. 614, 622 (1998). In such a scenario, "the claim may be raised . . . only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Id.* (citations omitted). "Cause . . . must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). To meet the prejudice requirement, a movant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Here, no party disputes that the issue of mingling conspiracies was not raised on direct review. A review of the Sixth Circuit opinion confirms that the issue was not addressed there. *See generally* DN 968. Further, Flores does not assert actual innocence. Instead, he claims that his counsel's ineffectiveness was sufficient cause to excuse his procedural default and that such ineffectiveness prejudiced him. DN 1109 at 3. While it is true that "cause" can be demonstrated by constitutionally "ineffective assistance of counsel," *Edwards v. Carpenter*, 529 U.S. 446, 457 (2000), the magistrate and this Court have already considered these arguments.[1]

All parties agree on the facts and agree that the test from *Bousley* governs. *See* DN 1109 at 2; DN 1125 at 4. Applying that test, both the magistrate, DN 1080 at 8–10, and this Court, DN 1082 at 4–5, determined that "Flores has not established cause or actual prejudice for his failure to assert his 'mingling of conspiracies' argument on direct review." DN 1082 at 5. Further, the underlying alleged deficiency on which Flores relies—ineffective assistance of counsel—has

---

[1] If Flores were raising new claims, his motion would be treated as a second or successive § 2255 motion which is subject to the limitations of 28 U.S.C. § 2244. *United States v. Giles*, 238 F.3d 425 (Table), at *1 (6th Cir. 2000).

already been addressed and dismissed. DN 1080 at 3–7; DN 1082 at 2–4. Put simply, Flores has

not demonstrated a mistake on the part of the Court when it entered the order denying his

amended § 2255 motion. He merely disagrees with the Court's conclusions.

**IV.      Conclusion**

Rule 60(b) is designed to correct unintentional mistakes, not to provide a § 2255

petitioner with a second bite at the apple. All parties, the magistrate, and this Court agree on the

substantive law and applicable facts. Flores's disagreement with the Court's conclusion is

insufficient to demonstrate a mistake of law or fact as required by Rule 60(b). Therefore, the

motion for relief under Rule 60(b)(1) (DN 1109) is **DENIED**.

January 14, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

4